### SROUFE v GUTTMAN, etc. et

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5829. Decided June 24, 1940.

## 302

Irwin E. Wolfson, for appellee.

Louis Weiland, Cincinnati, for appellants.

### OPINION

By HAMILTON, PJ.

This case originated in the Municipal Court of Cincinnati, wherein plaintiff sued for a balance claimed due him for commission for procuring purchasers, and in assisting in the sale of commodities and services of the defendant company.

The amount claimed was $300.00.

The defendant filed a cross-bill, asking affirmative relief.

The trial resulted in a judgment for $300.00, with interest, in favor of the plaintiff.

The defendant filed an appeal on questions of law and fact to the Court of Common Pleas. Plaintiff filed a motion to dismiss the appeal on law and fact as not being a law and fact appeal. The court reduced the appeal to one of law and heard, and decided the appeal on questions of law only and affirmed the judgment of the Municipal Court. Appellant in this court claims this was error, as it was entitled to a trial of the facts by the Common Pleas Court under authority of the justices' code, which it claims applies to this case.

This claim is answered to the contrary of appellant's contention in the case of **Weaver v Reichert, 2 Abs 697,** wherein this court denied the right of appeal under the justices' code, from the Municipal Court of Cincinnati; that the municipal code of Cincinnati specifically provides for prosecuting error, (now appeal on questions of law) to the Common Pleas Court, and no special appeal on facts.

Moreover, if the justices' code could be held to apply, giving the right to a full trial on review, that method of appeal was not relied upon, as that would have required a new petition and pleadings making up the issue in the Common Pleas Court. The defendant relied upon the appeal which it filed on law and fact, as provided in the new appellate code. There being no chancery question involved, the court was correct in reducing the appeal to one of law.

Complaint is made that the plaintiff was permitted, in giving his testimony, to make undue use of memorandum, under the guise of refreshing his recollection. He did use his memorandum of prices on contracts, which he claimed to have procured. The court did permit him to use his memorandum, expressly stating it could not be used as evidence, but could be used to refresh his recollection. The court has discretion in such case, and we do not find it abused that discretion.

It is argued that the court erred in overruling the motion for a new trial on the ground of newly discovered evidence. We find no merit in this claim. The newly discovered evidence claimed and set forth in the affidavit would not require a different judgment. It is more cumulative than otherwise, and no sufficient reason appears for not producing the evidence and witnesses during the trial.

We find no prejudicial error in the record, and the judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court of Cincinnati, is affirmed.

MATTHEWS & ROSS, JJ., concur.